UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **John Malloy,** | **Civil No. 06-1612 (PAM-JJG)** |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| **R.L. Morrison,** | |
| Respondent. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter comes before the undersigned on John Malloy's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1). Mr. Malloy (Malloy) claims the Bureau of Prisons (BOP) has not properly considered his request for placement in a halfway house. The dispute is referred to this Court for a report and recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1(c).

Malloy is incarcerated at the federal prison in Duluth. He argues that, under various BOP policies or regulations, he would be improperly denied placement at a halfway house. Although he does not clearly articulate which policies or regulations are at stake, two arguments may be derived from his petition.

One is that prison officials would categorically deny his placement in a halfway house under 28 U.S.C. § 570.21. Malloy suggests that this regulation violates the directions set out in 18 U.S.C. § 3621(b), which requires the BOP to consider certain factors when exercising its discretion to place a prisoner in a correctional facility. In *Fults v. Sanders*, the Eighth Circuit held that the regulation violated the statute, and therefore, the regulation was invalid. 442 F.3d 1088, 1092 (8th Cir. 2006). The BOP concedes that § 570.21 is invalid and agrees that it will not be applied to Malloy. So this concern does not

give Malloy cause for relief.

The other argument is that prison officials would improperly delay his placement in a halfway house under Program Statement 7310.04. Like in his previous argument, Malloy suggests that the statement violates the discretionary factors set out in 18 U.S.C. § 3621(b). This argument requires some additional discussion.

Program Statement 7310.04 provides for consideration of placement in a halfway house in the last eleven to thirteen months before the projected release date. It further provides that at the end of the term of imprisonment, a prisoner may serve at a halfway house

> up to 180 days, with placement beyond 180 days highly unusual, and only possible with extraordinary justification.

The statute, by contrast, gives the BOP general authority to place prisoners in a correctional facility. It provides in relevant part,

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability . . . that the Bureau determines to be appropriate and suitable, considering
>
> (1)   the resources of the facility contemplated;
>
> (2)   the nature and circumstances of the offense;
>
> (3)   the history and characteristics of the prisoner;
>
> (4)   any statement by the court that imposed the sentence—
>
> > (A)   concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> >
> > (B)   recommending a type of penal or correctional facility as appropriate; and

> (5) any pertinent policy statement issued by the Sentencing Commission . . . .
>
> . . . . The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. . . .

18 U.S.C. § 3621(b). This statute does not require the BOP to place a prisoner in a halfway house, and indeed is entirely silent on this question. It simply provides that, when the BOP decides where to place a prisoner, it considers several factors. *See Elwood v. Jeter*, 386 F.3d 842, 845-46 (8th Cir. 2004).

In the context of halfway house placements, the authority of the BOP is further constrained by 18 U.S.C. § 3624(c), which adds the following criteria.

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner . . . spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. . . .

Malloy has not cited this statute. But as the Eighth Circuit has observed, § 3624(c) places limits on the discretion of the BOP under § 3621(b). These limits mean that, although the BOP has general discretion to decide where to place a prisoner, it has no duty to place a prisoner in a halfway house until the last ten percent of the term of imprisonment. *Elwood*, 386 F.3d at 847.

Assuming that Malloy has requested early placement in a halfway house, the BOP represents that it will evaluate the request under Program Statement 7310.04. That statement does not preclude the BOP from exercising its discretion under § 3621(b), and it is consistent with the limits set out in § 3624(c).

Because the statement does not violate any of the applicable statutes, its application also does not give Malloy cause for relief. This outcome, moreover, is consistent with the decisions of other courts in this

3

District. *See, e.g., Kelly v. Morrison*, No. 06-2168 (PJS/RLE), 2007 WL 541697 at *3-*4 (D.Minn. Feb. 16, 2007); *Griffin v. Morrison*, No. 06-3071 (JNE/FLN), 2007 WL 474960 at *2-*3 (D.Minn. Feb. 8, 2007).

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Malloy's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1) be **DENIED.**

Dated this 14th day of May, 2007.        s/Jeanne J. Graham

JEANNE J. GRAHAM
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by June 1, 2007. A party may respond to the objections within ten days after service. Any objections or responses filed under this rule shall not exceed 3,500 words. The District Court shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.